```
 UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE GARCIA,                                      :
                                                                      04 Cr. 83
                    Petitioner,                        :         06 Civ. 3115 (RJH) (GWG)

     -v.-                                                   :         REPORT AND
                                                                      RECOMMENDATION
                                                             :
UNITED STATES OF AMERICA,
                                                             :
                    Respondent.
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

In 2005, Jose Garcia pled guilty to failure to appear in violation of 18 U.S.C. § 3146(a)(2) and was sentenced to 12 months and one day of imprisonment. See Judgment, filed October 15, 2005 (Docket # 13) ("Judgment").[1] He now brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2255. See Letter to Judge Michael B. Mukasey, filed Apr. 24, 2007 (Docket # 1 in 06 Civ. 3115) ("Petition"). Because his petition is moot, it should be denied.

I. BACKGROUND

    A. The Instant Conviction and Petition

On April 27, 2000, Jose Garcia pled guilty to three charges of credit card fraud and conspiracy in violation of 18 U.S.C. § 1029(a)(1), (b)(2). See Presentence Investigation Report, dated Apr. 4, 2005 (annexed as exhibit to Government's Memorandum of Law in Support of Motion to Dismiss, filed Mar. 26, 2007 (Docket # 23) ("Gov't Mem.")) ("PSR"), ¶ 4; Presentence Investigation Report, dated Aug. 15, 2000 (annexed as exhibit to Gov't Mem.), ¶¶ 2-

---

[1] Unless otherwise indicated, docket numbers refer to filings in 04 Cr. 83.

4. He was sentenced to 18 months imprisonment. PSR ¶ 5. Garcia, however, failed to surrender to the Allenwood Federal Correctional Institution on January 22, 2001, as he had been ordered. Id. ¶ 7.

On October 15, 2004, Garcia was taken into federal custody and subsequently charged in the instant case with failure to appear in violation of 18 U.S.C. § 3146(a)(2). Id. ¶¶ 1, 9. Garcia pled guilty and was sentenced to 12 months and one day of imprisonment to run consecutively with his conviction for credit card fraud. See Judgment. He did not appeal his judgment of conviction and he completed his sentences of imprisonment on January 19, 2007. See Declaration of Joseph McCluskey, dated Mar. 19, 2007 (annexed as exhibit to Notice of Motion, filed Mar. 26, 2007 (Docket # 22) ("Motion")), ¶ 2.

Garcia's petition asserts that he was denied effective assistance of counsel and incorrectly sentenced when he pled guilty in 2005 to the charge of failure to appear. See Petition at 2. He states that he accepted the Government's plea offer with a recommendation of a 12-18 month sentence because his attorney told him that he would face a 24 month sentence if he lost at trial. Id. He asserts that the Government incorrectly calculated his criminal history score under the sentencing guidelines, that a correct calculation would have resulted in a sentencing range of 8-14 months even without a plea, and that his attorney failed to notice this error. Id.

    B. Prior State Convictions

Garcia also has three previous criminal convictions, all of which arose in New York State courts. In 1990, he was convicted of attempted robbery in the second degree (New York Penal Law ("N.Y.P.L.") §§ 110 and 160.10). See Certificate of Disposition of Indictment, dated Mar. 22, 2007 (annexed as Ex. E to Motion). On February 25, 2003, Garcia was arrested and charged

with, inter alia, criminal possession of a forged instrument in the second degree (N.Y.P.L. § 170.25). See Certificate of Disposition, dated Mar. 22, 2007 (annexed as Ex. F to Motion) ("Cert. F"). Garcia failed to make a scheduled court appearance in that case on May 9, 2003, and a bench warrant was issued for his arrest on that same date. See Repository Inquiry, dated Oct. 19, 2007 ("Inquiry"), at 5, (annexed as Ex. A to Declaration of Christian R. Everdell, dated Oct. 25, 2007 ("Everdell Decl.") (annexed to Letter from Christian R. Everdell, filed Oct. 29, 2007 (Docket # 27) ("Gov't Letter"))). As a consequence of his failure to appear on the charge of possession of a forged instrument, Garcia was charged with bail-jumping in the second degree (N.Y.P.L. § 215.56). See Certificate of Disposition Indictment, dated Mar. 22, 2007 (annexed as Ex. G to Motion) ("Cert. G"). Garcia was later re-arrested, and pled guilty to possession of a forged instrument in the third degree (N.Y.P.L. § 170.20), and bail-jumping in the second degree (N.Y.P.L. § 215.56). See Inquiry at 5; Cert. F; Cert. G.

Based on his convictions for attempted robbery in the second degree (N.Y.P.L. §§ 110 and 160.10), and possession of a forged instrument in the third degree (N.Y.P.L. § 170.20), on January 10, 2007, an Immigration Judge ordered that Garcia be removed from the United States, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), on the ground that he had been convicted of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." See Notice to Appear, dated Nov. 28, 2006 (annexed as Ex. A to Declaration of Jeffrey T. Bubier, dated Oct. 25, 2007 ("Bubier Decl.") (annexed to Gov't Letter)); Order of the Immigration Judge, dated Jan. 10, 2007 (annexed as Ex. B to Bubier Decl.). Garcia is currently awaiting deportation at the Metropolitan Detention Center in Brooklyn, New York.

C. The Government's Motion to Dismiss for Mootness

The Government argues that Garcia's petition is moot because Garcia has been ordered deported, and his previous New York State conviction for bail-jumping renders him permanently inadmissible to the United States. See Gov't Mem. at 12; see also Gov't Letter at 2. In light of this argument, the Court directed Garcia to send a letter "stating his immigration status prior to the conviction and stating how he would be helped if the Court were to grant the relief he requests by ordering a new trial." See Order, filed Feb. 7, 2007 (Docket # 18), at 1. Garcia sent a letter in response but gave no explanation of how he would be benefitted through a grant of the petition. See Letter from Jose Garcia, dated Feb. 13, 2007 (annexed to Memorandum Endorsement, filed Feb. 21, 2007 (Docket # 19)). He merely stated that he was being detained for eventual deportation. In a subsequent letter to the Court, Garcia again failed to explain how any relief this Court could grant him would benefit him. See Letter from Jose Garcia, dated Dec. 4, 2007 (Docket #7 in 06 Civ. 3115).

II. DISCUSSION

The United States Constitution limits federal judicial power to "cases" and "controversies." U.S. Const. Art. III, § 2. "'In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision.'" United States v. Williams, 475 F.3d 468, 478-79 (2d Cir. 2007) (quoting United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998))), petition for cert. filed, July 10, 2007 (No. 07-6776). A case becomes moot "'if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party

4

. . . .'" Williams, 475 F.3d at 479 (quoting United States v. Blackburn, 461 F.3d 259, 261 (2d Cir. 2006), cert. denied, 127 S. Ct. 2875 (2007)).

A habeas petition challenging a criminal conviction "is not necessarily mooted when the petitioner is released from prison, as collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (citing Pollard v. United States, 352 U.S. 354, 358 (1957)). Indeed, there is a presumption that "collateral consequences such as deportation, inability to become a citizen, impeachment evidence in future criminal trials, and increased future sentences . . . attach to criminal convictions post-release." Perez, 296 F.3d at 125 (citing Sibron v. New York, 392 U.S. 40, 54-56 (1968)).

While a habeas petitioner who would become inadmissable to the United States as the result of a criminal conviction suffers a collateral consequence that prevents the petition from being mooted, Perez, 296 F.3d at 126, a petitioner who is inadmissible on the basis of a previous criminal conviction suffers no collateral consequences. Id. In Perez, the Second Circuit found that a habeas petition was moot because the petitioner had a prior conviction that made him permanently inadmissible to the United States. Id. Other cases have similarly recognized that habeas relief cannot be granted where an individual has been ordered deported and is permanently inadmissible to the United States based on some other conviction. See, e.g., De la Rosa v. Ebert, 2005 WL 525650, at *3 (S.D.N.Y. Mar. 4, 2005) (citing Perez, 296 F.3d at 125) (habeas petition mooted because there were no collateral consequences of conviction due to previous drug conviction); Soto v. Parrott, 2004 WL 1043081, at *2 (S.D.N.Y. May 6, 2004) (citing Perez, 296 F.3d at 126) (habeas petition mooted because there were no collateral

5

consequences of conviction due to a previous drug conviction); see also Wing Lee Woo v. United States, 2007 WL 3034210, at *5 (E.D.N.Y. Oct. 15, 2007) (habeas petition moot, where, inter alia, alien was previously convicted of drug offense and was not challenging order of removal).

The petitioner in Perez was permanently inadmissible because of a prior drug conviction, see 8 U.S.C. 1182(a)(2)(A)(i)(II), a circumstance that does not apply here. But federal law also provides that "[a]ny alien . . . who has been ordered removed . . . [and has] been convicted of an aggravated felony[] is inadmissible [at any time]." 8 U.S.C. § 1182(a)(9)(A)(ii). One such aggravated felony is "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed." 8 U.S.C. § 1101(a)(43)(T). Garcia's state bail jumping conviction fits squarely within this statute. Garcia was charged with jumping bail in connection with his arrest for criminal possession of a forged instrument in the second degree. See Cert. F; Cert. G. Under the New York Penal Law, criminal possession of a forged instrument in the second degree is a class D felony that carries a maximum penalty of seven years imprisonment. N.Y.P.L. §§ 170.25 and 70.00(2)(d). Thus, because Garcia jumped bail on a charge that carries a maximum sentence of at least two years, he committed an aggravated felony such that he is permanently inadmissible to the United States under 8 U.S.C. § 1182(a)(9)(A)(ii) (alien convicted of aggravated felony is inadmissible "at any time").

Accordingly, Garcia's petition is moot because he is permanently inadmissible to the United States based on a conviction that is unrelated to the conviction being challenged in his petition. See ,e.g., Batista v. People, 2006 WL 3548966, at *1-2 (S.D.N.Y. Dec. 6, 2006) (citing

6

Perez, 296 F.3d at 126) (habeas petition mooted because petitioner was inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(A)(ii) and 8 U.S.C. § 1101(a)(43)(T), due to a previous bail-jumping conviction); Brown v. Mazzuca, 2004 WL 1753314, at *5 (E.D.N.Y. Aug. 5, 2004) (citing Perez, 296 F.3d at 126) (habeas petition mooted because petitioner was inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(A)(ii), due to previous first degree robbery conviction). Garcia himself has not suggested any reason why a vacatur of the instant conviction would be of any benefit to him.

Conclusion

For the foregoing reasons, the government's motion to dismiss should be granted, and Garcia's petition for habeas corpus should be denied.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard J. Holwell, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Holwell. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: December 13, 2007
       New York, New York

                                                                _____
                                                                GABRIEL W. GORENSTEIN
                                                                United States Magistrate Judge

Copies sent to:

Jose Garcia
USM# 44508-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232

Christian R. Everdell
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Hon. Richard J. Holwell
United States District Judge

Dated: December 13, 2007
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Jose Garcia
USM# 44508-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232

Christian R. Everdell
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Hon. Richard J. Holwell
United States District Judge